MILLER G. BELDING, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37512.   Promulgated April 22, 1930.

*Joseph Oliver, C. P. A.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

OPINION.

LANSDON: The petitioner alleges that the respondent has erroneously disallowed a net loss sustained in 1925 as a deduction from his gross income in 1926, to which he is entitled under the provisions of section 206(3) of the Revenue Act of 1926. Such disallowance is the basis for a deficiency in the amount of $331.53, which is in controversy here.

In 1925 the petitioner and another were jointly engaged in the operation of a flour mill which was the property of a corporation then in the hands of a receiver. No net income resulted from such operation. In the same year petitioner received salary and bonus as an officer of the Globe Brewing & Manufacturing Co. in the amount of $9,000. His other sources of income were the Continental Milling Co., from which he received $2,000, and interest in the amount of $3,324. In the same year he sustained losses in the total amount of $31,322.79, resulting from some 14 deals in grain options. This loss was allowed by the respondent for 1925 and extinguished his tax liability for that year.

Petitioner claims that he is regularly engaged in the grain business and that deals in options are a necessary part of his operations. In 1924 he realized a profit of $839.36 from his single option deal in that year. His loss from 14 such deals in 1925 was as set forth above. He made no option deals in 1926 and in 1927 realized a profit from a single deal in the amount of $438.21.

Petitioner does not contend that he was a broker in grain options, but that such transactions grew out of and were necessary to his regular business as a grain dealer. The evidence does not prove that he was regularly engaged in the grain business in 1925 and fails to show that the action of the respondent in disallowing a net loss as a deduction for petitioner's income in 1926 was erroneous.

*Decision will be entered for the respondent.*